THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Margaret T. Carrigg, Appellant,
 
 
 

v.

 
 
 
 Cusch, Inc. and Moos Brothers of Charleston, Inc., d/b/a T-Bonz Restaurant, Respondent.
 
 
 

Appeal From Charleston County
 R. Markley Dennis, Jr., Circuit Court Judge

Unpublished Opinion No. 2006-UP-067
Submitted January, 1 2006  Filed February 1, 2006

AFFIRMED

 
 
 
 Richard Alexander Murdaugh, of Hampton, for Appellant.
 Derek Farrell Dean, of Charleston, for Respondent.
 
 
 

PER CURIAM:  This is a slip and fall case.  Carrigg alleged that while dining at a restaurant owned by Cusch, Inc., d/b/a T-Bonz Restaurant (T-Bonz), she slipped on water on the floor leading to the restroom and fell, injuring herself.  The circuit court granted T-Bonzs motion for summary judgment.  We affirm.[1]  
1.       In order to recover for injuries sustained in a fall caused by a foreign substance on the storekeepers floor, a customer must prove either that the foreign substance was placed on the floor by the storekeeper or that the storekeeper had actual or constructive notice of the foreign substance on the floor and failed to remove it.  Wintersteen v. Food Lion, Inc., 344 S.C. 32, 35, 542 S.E.2d 728, 729 (2001).  No evidence in the record indicates that employees of T-Bonz caused the water to be placed on the floor, or that anyone at T-Bonz had actual knowledge of the water.  Thus, negligence can be established only by a showing of constructive knowledge.  We hold that Carrigg is unable to demonstrate constructive notice pursuant to the following authorities:  Gillespie v. Wal-Mart Stores, Inc., 302 S.C. 90, 91, 394 S.E.2d 24, 25 (Ct. App. 1990) (holding that the mere fact that water was on the floor and within the vision of store employees is not enough to establish constructive knowledge); Young v. Meeting Street Piggly Wiggly, 288 S.C. 508, 510, 343 S.E.2d 636, 637-38 (Ct. App. 1986) (holding that a merchants liability may not be based solely on the presence of moisture on the floor); Olson v. Faculty House of Carolina, Inc., 354 S.C. 161, 165-66, 580 S.E.2d 440, 442 (2003) (holding that to impose a duty on merchants to continuously inspect and maintain floors to ensure their freedom from foreign substances would effectively render them insurers of customer safety).  
2.       We find that Carriggs arguments to the effect that T-Bonz either created an unreasonably dangerous condition by failing to cover the entire floor with the mats or was on notice of the dangerous condition as evidenced by its policy of placing the mats on the floor are not properly preserved for appeal.  See Elam v. South Carolina Dept of Transp., 361 S.C. 9, 23, 602 S.E.2d 772, 779-780 (2004) (holding that issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court).  In any event, we find the arguments fail on the merits pursuant to the following authorities: Olson, 354 S.C. at 166, 580 S.E.2d at 443 (holding that merchants are not required to make floors more slip-resistant when they are wet); Wintersteen, 344 S.C. at 37, 542 S.E.2d at 731 (holding that in slip-and-fall cases involving foreign substances, courts in this state have rejected a duty to prevent rule, thus requiring a plaintiff to prove actual or constructive notice).  
AFFIRMED. 
STILWELL, KITTREDGE, and WILLIAMS, JJ., concur.

[1]  Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.